IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TROY LUKENS,

        Petitioner,

   v.

ROBERT SKIPPER, Multnomah
County Sheriff,

        Respondent.

Civil No. 09-510-BR

OPINION AND ORDER

    **TROY LUKENS**
    #83459
    Multnomah County Inverness Jail
    11540 NE Inverness Dr.
    Portland, OR  97220

        Petitioner *Pro Se*

    **AGNES SOWLE**
    County Attorney for Multnomah County
    **DAVID N. BLANKFIELD**
    Assistant County Attorney
    501 SE Hawthorne Blvd., Suite 500
    Portland, OR  97214

        Attorneys for Respondent

1 - OPINION AND ORDER -

**BROWN, Judge.**

Petitioner an inmate currently housed at the Multnomah County Inverness Jail, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Petition for Writ of Habeas Corpus is **DENIED**.

## BACKGROUND

On May 4, 2007, Petitioner was released from custody to post-prison supervision on convictions of Failure to Register as a Sex Offender and Possession of a Controlled Substance. On May 7, 2007, Petitioner signed an "Order of Supervision Conditions" which, *inter alia*, prohibited Petitioner from contact with minor females:

> SC3. Offender shall have no contact with minor females and shall not be present more than one time, without the prior written approval of the board, supervisory authority or supervising officer, at a place where persons under 18 years of age regularly congregate. The offender shall also not be present, without the prior written approval of the board or supervising officer, at, or on property adjacent to, a school, child care center, playground or other place intended for use primarily by persons under 18 years of age.

On June 12, 2008, Petitioner's daughter was born. On June 17, 2008, Petitioner turned himself in for an outstanding post-prison supervision warrant issued when Petitioner violated the conditions of his post-prison supervision by absconding.

2 - OPINION AND ORDER -

Petitioner was sanctioned with 60 days of imprisonment, and the no-contact condition was continued.

On August 2, 2008, Petitioner signed a form "Administrative Review Request Form" in which he purported to seek review of a June 23, 2008 BAP Order. Resp. Exh. 1. Petitioner does not identify the BAP Order number. In a handwritten Attachment to the form, Petitioner identifies a July 23, 2008, letter from Steve Liday. That letter is not attached to Respondent's Exhibit 1.

Also in the handwritten attachment, Petitioner states he requested an exit hearing to be heard regarding the no-contact condition which prohibits him from contact with his minor daughter. He states he was informed in a telephone conversation that he would not be allowed contact with his daughter unless authorized by his supervising post-prison supervision officer and that he would not be allowed an exit hearing or other opportunity to contest the supervision conditions.

On August 13, 2008, Multnomah County Department of Community Justice Local Supervisory Authority designee Steve Liday issued an Administrative Review Response denying Petitioner's Administrative Review Request as untimely, stating:

> Per administrative rule 255-080-0005(3), if the administrative review is regarding Orders of Supervision, an offender must request administrative review within forty-five (45) days after the date the offender signed the order or acknowledgement [sic] by the supervisory authority of the offender's receipt thereof. Your request is rejected as untimely as you

3 - OPINION AND ORDER -

> signed your original order on 5/07/07 and your administrative review request was postmarked 8/06/08 and received 08/11/05 [sic].

Resp. Exh. 2, p. 1.

Notwithstanding the untimely administrative review request, the Administrative Review Response did modify the conditions of Petitioner's post-prison supervision:

> As the Local Supervisory Authority may open a case for reconsideration of a finding without receiving a request, without regard to time limits, and without opening all findings for review and appeal, your conditions of supervision were viewed. Pursuant to ORS 144.102(3)(a) and ORS 144.270(3)(a), special conditions may be established which are determined to be necessary because of the individual circumstances of the person on Post-Prison Supervision (PPS). The Local Supervisory Authority imposed special conditions SCO3, SCO4, SCO5, SCO6, SC9, SC10, and SC12 after determining they were necessary upon review of your case; however, these conditions will be amended to be "Per PO." The "Per PO" designation is applied to give the supervising officers discretion as to what they feel is appropriate to supervise the offender under the conditions imposed by the Local Supervisory Authority.
>
> * * *
>
> To your request to have contact with your daughter, you are highly encouraged to successfully enter and be discharged from a sex offender treatment program, as ordered by conditions of your Post-Prison Supervision. Compliance with this treatment program and other conditions of supervision will go a long way toward allowing a safety plan or other approved contact.

Resp. Exh. 2, p. 2.

Finally, the Administrative Review Response explained Petitioner's further appeal rights:

4 - OPINION AND ORDER -

> You may further appeal the Supervisory Authority's response to the administrative review (within 45 days) to the Oregon Board of Parole and Post-Prison Supervision, using an Administrative Appeal Request Form (Board Exhibit O) or by letter stating "This is an administrative review request pursuant to Division 80 of Board rules." If relief is denied by the Board, you may appeal to the Court of Appeals within 60 days of the response to your request for administrative review.

*Id*. Petitioner did not appeal the Administrative Review Response.

On May 7, 2009, Petitioner filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court. In his "Addendum/Memorandum" in support, Petitioner contends Respondent violated his constitutional rights by continuing to impose the non-contact restriction to deny Petitioner the right to see his minor daughter. Respondent argues Petitioner failed to exhaust his available state remedies.

### **LEGAL STANDARDS**

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1). A state prisoner satisfies the exhaustion requirement by fairly presenting his claim to the appropriate state courts at all appellate stages afforded under state law. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Casey v. Moore*, 386 F.3d 896, 915-56 (9th Cir. 2004),

5 - OPINION AND ORDER -

*cert. denied*, 545 U.S. 1146 (2005); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999).

A state prisoner procedurally defaults his available state remedies in one of two ways.[1]  First, he may fail to exhaust, or fail to "fairly present," the federal claim to the state court, and the procedural default is caused by the fact that the state court would now find the claims procedurally barred. *Coleman*, 501 U.S. at 729 n. 1; *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Harris v. Reed*, 489 U.S. 255, 269-70 (1989)(O'Connor, concurring); *Casey*, 386 F.3d at 920-21.

Second, a federal claim is procedurally defaulted if it is actually raised in state court, but explicitly rejected by the court based upon a state procedural law. *Cone v. Bell*, 129 S. Ct. 1769, 1780 (2009); *Coleman*, 510 U.S. at 729-30.  Federal habeas relief is precluded in these cases provided the state law invoked is independent of the federal question and adequate to support the judgment.  *Coleman*, 501 U.S. at 720-30; *Lee v. Kemna*, 534 U.S. 362, 375 (2002); *Sechrest v. Ignacio*, 549 F.3d 789, 802 (9th Cir. 2008), *cert. denied*, 130 S. Ct. 243 (2009).

---

[1] Generally, procedural default is an affirmative defense that must be asserted by the Respondent, which did not occur in this case.  However, *sua sponte* consideration of procedural default may be appropriate to further judicial efficiency. *See Vang v. Nevada*, 329 F.3d 1069, 1073 (9th Cir. 2003) (court may *sua sponte* raise issue of procedural default if it furthers the interests of judicial efficiency).

6 - OPINION AND ORDER -

A state procedural rule is "adequate" for purposes of preclusion if it is clear, consistently applied, and well-established at the time of a petitioner's purported default. *Sechrest*, 549 F.3d at 802-03; *Collier v. Bayer*, 408 F.3d 1279, 1284 (9th Cir. 2005), *cert. denied*, 547 U.S. 1013 (2006); *Vang*, 329 F.3d at 1073-74.  The adequacy of a state rule is, itself, a federal question.  *Cone*, 129 S. Ct. at 1780; *Lee*, 534 U.S. at 375.

A state procedural rule is "independent" for purposes of preclusion if it is not interwoven with federal law, and the state court explicitly invoked the rule as a separate basis for its decision.  *Vang*, 329 F.3d at 1074; *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003). However, "[a] state court's application of a procedural rule is not undermined where, as here, the state court simultaneously rejects the merits of the claim."  *Bennett*, 322 F.3d at 580; *Harris*, 489 U.S. at 264, n. 10.

If the existence of an independent and adequate state procedural rule is invoked to show procedural default, the burden shifts to the petitioner to assert specific factual allegations that demonstrate the inadequacy of the state rule, including citation to authority demonstrating inconsistent application of state rule.  *Bennett*, 322 F.3d at 586.  If the petitioner satisfies this burden, the respondent bears the ultimate burden of proving the rule bars federal review.  *Id*.

7 - OPINION AND ORDER -

If a petitioner procedurally defaults his federal claims in state court, federal habeas relief is precluded absent a showing of cause and prejudice, or that the failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Cook v. Schriro*, 538 F.3d 1000, 1025 (9th Cir. 2008), *cert. denied*, 129 S. Ct. 1033 (2009).

## DISCUSSION

Here, Petitioner's conditions of post-prison supervision were imposed by Multnomah County, the local supervisory agency, pursuant to Or. Rev. Stat. §§ 144.096(2) and 144.101(2). As noted, Petitioner signed the Order of Supervision Conditions on August 7, 2007. Pursuant to Or. Admin. R. 255-080-0005(3), Petitioner had 45 days from that date to seek administrative review of the conditions imposed therein. Petitioner did not do so; he signed his administrative review request on August 2, 2008. The Local Supervisory Authority denied his request as untimely.

Petitioner had another 45 days after the denial his request for administrative rule to appeal the decision to the Oregon Board of Parole and Post-Prison Supervision. He did not do so.

Petitioner appears to argue that his challenge relates not to the original imposition of conditions, but instead to the continuation of the no-contact condition following his release from serving a post-prison supervision violation sanction. To

8 - OPINION AND ORDER -

that end, Petitioner notes he requested but was refused a new exit interview. Petitioner provides no citation to Oregon law, however, and the Court can locate none, requiring an additional exit interview and imposition of a new, replacement Order of Supervision Conditions following service of a post-prison violation sanction. Instead, the original Order of Supervision Conditions, unless amended, remains in effect until completion of the post-prison supervision term.

Accordingly, because Petitioner failed to timely file his original request for administrative review and failed to pursue his administrative remedies thereafter, he procedurally defaulted his challenge to the original conditions of confinement. Petitioner presents no evidence or argument that the procedural rule invoked to bar his administrative review request was inadequate. Moreover, Petitioner presents no evidence of cause and prejudice or a fundamental miscarriage of justice to excuse the procedural default.

Finally, the Court notes Petitioner may have contact with his daughter when authorized "per PO," and Petitioner has been encouraged to complete (successfully) a sex offender treatment program to enhance the likelihood the no-contact condition may be modified in the future. As such, habeas corpus relief must be denied.

9 - OPINION AND ORDER -

## CONCLUSION

For these reasons, the Court **DENIES** the Petition for Writ of Habeas Corpus and **DISMISSES** this action.

The Court **DENIES** a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this <u>4th</u> day of August, 2010.

                                        /s/ Anna J. Brown
                                      ANNA J. BROWN
                                      United States District Judge